UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN PSAROS<br><br>      Plaintiff,<br><br>          vs.<br><br>GREEN TREE SERVICING, LLC.;<br>STERN LAVINTHAL &<br>FRANKENBERG LLC;  JOHN DOES<br>I-X, | HON.<br>Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

STEVEN PSAROS, of full age, hereby Complains of Defendants as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction is appropriately laid in the United States District Court, District of New Jersey pursuant to 28 USC 1331 as the claim in question is based upon a federal statute and Federal Question Jurisdiction.

2.    Venue is appropriately laid in the District Court of New Jersey pursuant to 28 USC §1391(b)(2) as the events giving rise to the claim occurred substantially within the State of New Jersey.

## PARTIES

3.    Steven Psaros is the owner and resident of real property located at 81 Arlington Ave Hawthorne, NJ.

4.    GREEN TREE SERVICING, LLC ("Green Tree") is the mortgage

1

servicing company for the loan that is the subject of this litigation. Green Tree maintains its primary business address in St Paul, MN and has appointed an agent for service in New Jersey at The Corporation Trust Company 820 Bear Tavern Road, West Trenton, NJ.

5. Stern Lavinthal & Frankenberg, LLC ("Stern Lavinthal") is a debt collection law firm in New Jersey. Stern Lavinthal pursued foreclosure debt collection litigation against Plaintiff. Stern Lavinthal maintains its offices at 105 Eisenhower Parkway Suite 302, Roseland, NJ.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff purchased the property at 81 Arlington Ave, Hawthorne, NJ in 1999 and has resided there since that time.

7. In January 2008 Plaintiff entered into a refinance loan whereby Plaintiff executed a promissory note payable to Mortgage Line Financial Corp.

8. In connection with the January 2008 promissory note Plaintiff also executed a mortgage to secure the loan.

9. Plaintiff specifically negotiated the 2008 loan so that property insurance and real estate taxes would be paid directly by Plaintiff, rather than through an escrow account managed by the lender.

10. At the loan closing, Plaintiff signed an Escrow Waiver, a

copy of which is attached hereto as **Exhibit 1**.

11. On September 22, 2010 BAC Home Loans Servicing, L.P. by way of its attorneys the law firm of Stern Lavinthal & Frankenberg, LLC ("Stern Lavinthal") filed a debt collection foreclosure action under New Jersey docket F-46572-10.

12. Stern Lavinthal was not retained to pursue debt collection activities until after the loan was in default.

13. In June 2013 Plaintiff received a letter from Green Tree advising that effective June 1, 2013 servicing was transferred to Green Tree. A copy of the letter is hereto attached as **Exhibit 2**.

14. By way of letter dated June 17, 2013 Green Tree requested that Plaintiff send proof of property insurance to a designated Fax number. A copy of the letter is attached hereto as **Exhibit 3**.

15. Green Tree sent Plaintiff a payoff statement dated July 3, 2013 which claims that Plaintiff owes $2,668.54 for "Escrow." A copy of the statement is attached hereto as **Exhibit 4**.

16. By way of letter dated July 18, 2013 Green Tree made a second request for proof of insurance which instructs that proof must be provided within 15 calendar days (August 1, 2013). A copy of the letter is hereto attached as **Exhibit**

**5.**

17.   On July 30, 2013 Plaintiff's insurance agent sent proof of property insurance to the designated fax number provided by Green Tree.  A copy of the correspondence is attached hereto as **Exhibit 6**.

18.   In July 2013 Plaintiff received a letter from prior loan servicing company Bank of America Home Loans, containing an escrow account disclosure statement.  A copy of the communication dated July 11, 2013 is hereto attached as **Exhibit 7**.

   a. The July 11, 2013 escrow disclosure states "Your monthly mortgage payment since April 2010 was $1,726.97 of which $1,726.97 was for principal and interest and $.00 went into your escrow account."

19.   By way of letter dated August 4, 2013, Green Tree advised Plaintiff that force-placed insurance was obtained by Green Tree.  A copy of the August 4, 2013 letter is hereto attached as **Exhibit 8**.

   a. According to the August 4, 2013 correspondence, the insurance policy obtained was effective June 1, 2013 and has an annual premium of $3,661.00.

20.   After receiving the August 4, 2013 letter, Plaintiff again sent proof of insurance to Green Tree.  A copy of the cover-letter dated August 13, 2013 conveying proof of

insurance sent by Plaintiff is attached hereto as **Exhibit 9.**

21. By way of letter dated December 13, 2013, Green Tree sent a letter to Plaintiff including an itemized accounting of the money required to reinstate the mortgage loan. A copy of the December 13 letter is hereto attached as **Exhibit 10.**

    a. According to the December 13 letter Plaintiff owed "Escrow/Other: $0.00, Insurance: $0.00, Taxes advanced: $0.00."

22. In March 2014 a motion was granted in the foreclosure debt collection lawsuit substituting Green Tree as foreclosing plaintiff.

23. In connection with its application for Final Judgment, Green Tree employee Danielle Froelich executed a certification of amount due on April 23, 2015. A copy of the certification is attached hereto as **Exhibit 11.**

    a. In the Froelich certification, Green Tree claimed to be owed $10,974.37 in "Home Owners Insurance Premiums."

24. At all times pursuant to the 2008 Mortgage Loan contract, Plaintiff has maintained an insurance policy on the property and has provided copies of same to the loan servicer upon request.

25. Green Tree has not incurred costs of $10,974.37 for payment

of insurance premiums.

26. Plaintiff has sent all insurance premiums to the insurance carrier to pay for the hazard insurance policy.

<u>**COUNT I**</u>

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. 1692 *et seq*.**

**(GREEN TREE SERVICING, LLC; STERN LAVINTHAL & FRANKENBERG LLC)**

27. Plaintiff reincorporates by reference all allegations set forth elsewhere in the Complaint.

28. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

29. The mortgage loan that is the subject of this litigation is a debt as that term is defined by 15 U.S.C. 1692a(5).

30. Defendant Green Tree is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

31. Green Tree was not retained as a debt collector and/or loan servicing company for the loan that is the subject of this litigation until after the debt was in default.

32. Green Tree engaged in conduct violating one or more sections of 15 U.S.C. 1692 *et seq*. by doing the following non-exhaustive list of acts.

   a. Green Tree made false, deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

b. Green Tree made false representations as to the character and amount of the debt it sought to collect from Plaintiff, in violation of 15 U.S.C. 1692e(2).

c. Green Tree's communications contradict its claim to be owed money to cover insurance on the property. Some communications claim no money to be owed for escrows while others demand that thousands of dollars are owed. Green Tree's communications are false, misleading and/or deceptive.

d. Green Tree was notified that insurance was being carried and paid for by Plaintiff pursuant to the mortgage loan contract and Green Tree continued to wrongfully claim to be owed money to pay for a separate insurance contract obtained erroneously by Green Tree.

e. Green Tree's demand for payment of $10,974.37 was a demand for payment of funds not owed and fees not incurred.

33. Stern Lavinthal is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

34. Stern Lavinthal was not retained as a debt collector for the loan that is the subject of this litigation until after the debt was in default.

35. Stern Lavinthal engaged in conduct violating one or more

sections of 15 U.S.C. 1692 *et seq* by doing the following non-exhaustive list of acts.

a. Stern Lavinthal made and/or used false, deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

b. Stern Lavinthal made and/or used false representations as to the character and amount of the debt it sought to collect from Plaintiff, in violation of 15 U.S.C. 1692e(2).

c. Stern Lavinthal certified the accuracy of Green Tree's assertions in connection with the debt collection litigation as required by New Jersey Court Rules. In doing so, Stern Lavinthal affirmed the use of false allegations in an effort to collect money not owed by Plaintiff.

d. Stern Lavinthal's demand for payment of $10,974.37 was a demand for funds not owed and fees not incurred.

36. As a result of the actions of Defendants, Plaintiff is entitled to all relief under 15 U.S.C. 1692k including but not limited to statutory damages, actual damages, attorney fees and costs of suit.

## COUNT II

**VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT**

**12 U.S.C. 2601 *et seq.***

37.   Plaintiff reincorporates by reference all allegations previously set forth in the Complaint as if set forth at length herein.

38.   Green Tree is a loan servicing company subject to the requirements of the Real Estate Settlement Procedures Act ("RESPA").

39.   Green Tree obtained force-placed hazard insurance on the property in violation of 12 U.S.C. 2605(k).

40.   Despite being notified by fax and mail by Plaintiff, that an insurance policy was maintained on the property, Green Tree continued to maintain a force-place insurance policy in violation of 12 U.S.C. 2605(k).

41.   Green Tree was obligated to take action fixing its error in charging Plaintiff for an erroneous force-place insurance policy and failed to do so.

42.   Green Tree was provided proof pursuant to 12 U.S.C. 2605(l) that Plaintiff maintained the requisite insurance policy on the property.

43.   Green Tree was obligated to terminate the force-placed insurance policy within 15 days of receiving proof of Plaintiff's existing insurance coverage pursuant to 12

U.S.C. 2605(l).

44. Green Tree continued to assess fees for force-placed insurance in violation of its obligation under RESPA.

45. As a result of Green Tree's conduct, Plaintiff is entitled to all relief afforded under 12 U.S.C. 2605(f) including statutory damages, actual damages, attorney fees and costs.

**WHEREFORE,** PLAINTIFF demands:

    a. Compensatory Damages

    b. Punitive Damages

    c. Statutory Damages

    d. Restitution

    e. Injunctive Relief

    f. Attorney fees and costs

    g. All other relief this Court determines to be just and fair.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury and will not be satisfied with fewer than six jury members.

DENBEAUX & DENBEAUX
ATTORNEYS FOR PLAINTIFF

June 24, 2015           */S/ Adam Deutsch*
                     Adam Deutsch, Esq.
                     DENBEAUX & DENBEAUX

# Exhibit 1

# ESCROW WAIVER

Loan Number: GC07111548

Lender: MORTGAGE LINE FINANCIAL CORP.

Borrower: STEVEN PSAROS

Property: 77 ARLINGTON AVENUE AKA 81 ARLINGTON AVENUE, HAWTHORNE, NEW JERSEY 07506

MORTGAGE LINE FINANCIAL CORP. ("Lender") hereby waives its normal requirement providing for the escrow of, among other things, and to the extent applicable, taxes, insurance, ground rents and assessments.

Borrower hereby agrees to pay these items promptly when due and to provide receipts to Lender upon request as proof of payment. Failure to pay such items when due or to make mortgage payments as agreed shall give Lender the right to reinstate the requirement that these items be paid to Lender to be placed in escrow and paid monthly for the remaining term of the loan.

Borrower hereby acknowledges and understands that the consequences of not establishing an escrow account may include, without limitation, the following:

(1) Borrower may incur fees associated with this escrow waiver;

(2) Borrower is responsible for personally and directly paying the non-escrowed items in addition to paying the mortgage loan payment; and

(3) If Borrower fails to pay non-escrowed items, Lender may obtain the required insurance on Borrower's behalf at a potentially higher cost (which may include any potential commission payments to the Lender), and/or there could be reduced coverage for Borrower of the insurance Lender obtains.

The undersigned hereby agrees to these terms and conditions.

_Steven Psaros_ 1/23/08  
Borrower STEVEN PSAROS　　　　Date

_____ _____  
Borrower　　　　　　　　　　　Date

_____ _____  
Borrower　　　　　　　　　　　Date

_____ _____  
Borrower　　　　　　　　　　　Date

_____ _____  
Borrower　　　　　　　　　　　Date

_____ _____  
Borrower　　　　　　　　　　　Date

# Exhibit 2

PO Box 6172
Rapid City, SD 57709-6172

Tel 1-855-675-1030
GTServicing.com

+ 0432357 000025524 09GTR6 0055272 ₩
**STEVEN PSAROS**
**81 ARLINGTON AVE**
**HAWTHORNE NJ 07506-2511**

June 10, 2013

**Bank of America N.A. ("Bank of America") Account Number: 175593826**
**Green Tree Servicing LLC ("Green Tree") New Account Number: 689180438**

Dear Steven Psaros:

**Welcome to Green Tree.** The servicing of your mortgage loan – that is, the right to collect loan payments from you - is being transferred from Bank of America to Green Tree effective June 1, 2013. The servicing transfer does not affect any terms or condition of your current mortgage loan, other than the terms directly related to the servicing of your loan. You can mail your payments directly to Green Tree at the following address: **Green Tree Servicing LLC, PO Box 7169, Pasadena, CA 91109-7169.**

Green Tree will begin posting payments to your account on or about June 10, 2013. If your payment was received by Green Tree or Bank of America prior to the posting date, we will apply your payment as of the day that it was received and no late fee will be assessed to your account.*

You should be receiving your first statement from Green Tree by mail the week of June 17, 2013. If you have any questions about the transfer of your mortgage loan servicing to Green Tree, we encourage you to visit:

## www.gtservicing.com/welcome

There you can register to securely access your account online, make a payment, establish a recurring electronic mortgage loan payment and obtain answers to frequently asked questions.

We are pleased to have you as a new customer. The following pages include more detailed information about our services, including details about payoff requests, and insurance loss payee information. Please keep this documentation for future reference. Should you ever need additional account information, please visit our website at GTServicing.com, or contact customer service toll-free at 1-855-675-1030, or write to Green Tree Customer Service, PO Box 6172, Rapid City, SD 57709-6172.

At Green Tree, we build relationships that work and we look forward to providing you with quality service for years to come.

Respectfully,

Green Tree

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

* Please note: If you had an automatic payment(s) set up through Bank of America, your transaction was cancelled as part of the transfer of servicing to Green Tree. You can easily make an electronic payment or reestablish a recurring automatic loan payment on our website: GTServicing.com.

# Exhibit 3

*IMAO YNOV YCK.*

relationships that work
# green tree

06/17/13

008614
STEVEN PSAROS
81 ARLINGTON AVE
HAWTHORNE NJ  07506-2511



Re:  **NEED PROOF OF INSURANCE**
     Account Number: GTSL 0005 68918043

Dear Valued Customer,

Your credit agreement with us requires you to maintain acceptable insurance on the collateral until you pay off the account secured by the collateral. Our records show that we do not currently have evidence of property insurance on the collateral. Please have your insurance agent send or FAX us a copy of your collateral insurance policy[1], with Green Tree listed as a loss payee as outlined below, to the address below or FAX it to 1-866-263-8962.

> GREEN TREE SERVICING LLC
> ITS AFFILIATES AND/OR ASSIGNS
> P.O. Box 979282
> Miami, FL 33197-9282

If we do not receive evidence that you have purchased acceptable insurance within forty-five (45) days of the date of this letter, we may exercise our right to obtain insurance coverage on the collateral to protect our interest until such time as you provide evidence of acceptable coverage. You will be responsible for the cost of the insurance we buy, interest and any other charges that may be assessed.

**Please note that if we do buy insurance coverage on the collateral, we will do so through an affiliated insurance agency, which is an agent for the insurer and will earn a commission on the insurance policy. The insurance we purchase:**
- **May be more expensive and provide less protection than insurance you obtain from an insurance agent or company you choose;**
- **Will pay claims made by us as the creditor for physical damage to the collateral;**
- **May not pay any claims made by you or against you in connection with the collateral;**
- **Will not give you any liability insurance coverage and will not give you any personal property contents coverage;**
- **Will not meet the requirements of your state's mandatory financial responsibility laws, if any.**

**As a result you may be underinsured. We urge you to contact an insurance agent to assist you in evaluating your insurance needs.**



---

[1] For condominiums that are part of an association, the required coverage for the structure or building is often provided by a Group Master Policy that lists the condominium association as the named insured.  If this is applicable to you, your condominium association and/or the insurance agent who provided the Group Master Policy should be able to provide you with proof of coverage to send to us.

**CONTINUED ON BACK OF PAGE**



We strongly encourage you to obtain insurance of your own choosing on the collateral and you may do so at any time. If you provide us with evidence that you have obtained the required insurance, we will then cancel any insurance that we have purchased. You will be obligated to pay for any cost we have incurred when buying coverage. Please note that you will be responsible to pay for any costs if you actually have the required insurance but do not provide us with evidence that it is in effect. Please note that if the effective date of the insurance you purchase is not the same as or prior to the effective date of the policy we have obtained, you will be responsible to pay for the earned premium, interest and any other charges assessed for the lapse in coverage.

If you would like assistance with this matter, please contact our Insurance Services Department toll free Monday through Friday, 8:00 a.m. to 8:00 p.m. Eastern Standard Time, at 1-800-643-0202 to speak with a customer service representative.

Sincerely,

GREEN TREE SERVICING LLC

# Exhibit 4


relationships that work

Green Tree Servicing LLC
PO Box 6172
Rapid City, SD 57709-6172
Phone: 800-643-0202
Fax: 866-870-9919
GTServicing.com

July 3, 2013

PSAROS, STEVEN
81 ARLINGTON AVE
HAWTHORNE          NJ    7506

Account #: 68918043     Name: Steven Psaros

The payoff on the above–referenced account is: $347845.23
This includes the following:

| | | | |
|---|---|---|---|
| Principal Balance: | 290575.38 | Legal Fees: | 60.00 |
| Interest: | 54527.99 | Other Credits: | _____ |
| Paid Ahead Interest: | _____ | Deferred Interest: | |
| Hazard/Flood Insurance*: | _____ | Escrow: | 2668.54 |
| Corporate Advances: | _____ | Unapplied Funds: | _____ |
| Late Fees: | 13.32 | Payments Held In Suspense: | _____ |
| Returned Check Fees: | _____ | | |

This amount is good through: 8/02/13 and will accrue $44.79 interest per day after this date. Any transactions that occur on or after 7/3/13 may change the payoff amount. All payoffs should be mailed to:

REGULAR/USPS OVERIGHT MAIL:                OTHER OVERNIGHT MAIL:

Green Tree                                  Green Tree
DEPT. CH 9052                               Attention: 9052- PAYOFFS
Palatine, IL 60055-9052                     5505 N. Cumberland Avenue Suite 307
                                            Chicago, IL 60656

BANK WIRING INSTRUCTIONS

ABA/ROUTING:      026009593
ACCOUNT:          1257813511
ACCOUNT NAME:     Green Tree Servicing LLC
BANK NAME:        Bank of America
MEMO SECTION:     The memo section (also referred to as Advice, Instructions to Beneficiary, or OBI) of the payoff wire must include the account name and 9-digit Green Tree account number. If this information is not included or misplaced, the payoff cannot be applied and will be rejected. The result of rejection will require a new payoff quote and likely a larger amount due.

Green Tree Servicing LLC ("Green Tree") reserves the right to demand additional funds to correct any error or omission in the above payoff figure that was calculated in good faith, whether the error or omission is mathematical, clerical, typographical, or for any transactions that occurred on or after the date of this payoff quote.

If you are currently in an active bankruptcy, the amounts reflected above are contractual and may not be the amounts owed pursuant to the bankruptcy plan.

# Exhibit 5

# green tree

Insurance Center
Miami, FL 33197

07/18/2013

STEVEN PSAROS
81 ARLINGTON AVE
HAWTHORNE NJ 07506

Re: **WARNING OF IMPENDING PLACEMENT OF INSURANCE**
   Account Number: 68918043

Dear Valued Customer,

Your credit agreement with us requires you to maintain acceptable insurance on the collateral until you pay off the account secured by the collateral. Our records show that we do not currently have evidence of property insurance on the collateral. You can ask your insurance company or agent to give us evidence of the required insurance or you can send us evidence you have the required property insurance within fifteen (15) calendar days after the date this letter was postmarked (or within 45 days after the date of the Need Proof of Insurance letter we previously sent to you, which ever occurs later). If you do not, we will exercise our right under terms of your credit agreement to purchase insurance coverage on the collateral securing your account.

You are responsible for the cost of any insurance we purchase, interest and any other charges that are assessed. The insurance company will send an insurance policy evidencing coverage we buy directly to you. The coverage we buy will start on the date shown in the policy or certificate, which may go back to the date of the account or the date your prior coverage stopped. Insurance premium in the amount of approximately $ 3,693.95 will be charged to your account. You will be charged interest on the premium at your account contract rate, amortized over the remaining term of the insurance. You will be billed for the premium and related interest in monthly installments; provided, that if an escrow account for payment of insurance has been established, or if your credit agreement allows us to establish an escrow account and one is established, the premium for the insurance may be charged to the escrow account and repayment will be governed by the Real Estate Settlement Procedures Act.

**Please note that the insurance coverage we purchase on the collateral will be obtained through an affiliated insurance agency that will earn a commission on the insurance policy. The insurance we purchase:**

- **May be more expensive and provide less protection than insurance you obtain from an insurance agent or company you choose;**

CONTINUED ON BACK OF PAGE

- Will pay claims made by us as the creditor for physical damage to the collateral;
- May not pay any claims made by you or against you in connection with the collateral;
- Will not give you any liability insurance coverage and will not give you any personal property contents coverage;
- Will not meet the requirements of your state's mandatory financial responsibility laws, if any.

**As a result you may be underinsured. We urge you to contact an insurance agent to assist you in evaluating your insurance needs.**

We strongly encourage you to obtain insurance of your own choosing on the collateral and you may do so at any time.\* We will cancel any insurance we buy without adding to your account any premium, interest or any other charges if you provide evidence of insurance that meets the following requirements:

1. Evidence must show that acceptable insurance on your collateral was in force as of the effective date of the insurance we purchased for you, and that the insurance you purchased has been continuous since that date.
2. Evidence must show us as a lienholder/loss payee as follows:

    GREEN TREE SERVICING LLC
    ITS AFFILIATES AND/OR ASSIGNS
    P.O. Box 979282
    Miami, FL 33197-9282

3. We must receive evidence of the insurance you purchased, no later than thirty (30) days from the date on this letter.

If you provide us with evidence that you have obtained the required insurance, we will then cancel any insurance that we have bought and will refund or credit any unearned premiums to you. You will be obligated to pay for any costs we have incurred when buying coverage. Please note that you are responsible to pay for these costs if you actually have the required insurance but do not provide us with timely evidence that it is in effect. Please note that if the effective date of the insurance you purchase is not the same as or prior to the effective date of the policy we have obtained, you will be responsible to pay for the premium, interest and any other charges assessed for this lapse in coverage.

If you have any questions, please contact our Insurance Services Department toll free Monday through Friday, 8:00 a.m. to 8:00 p.m. Eastern Standard Time, at 1-800-643-0202 to speak with a customer service representative.

Sincerely,

GREEN TREE SERVICING LLC

---

\*For condominiums that are part of an association, the required coverage for the structure or building is often provided by a Group Master Policy that lists the condominium association as the named insured. If this is applicable to you, your condominium association and/or the insurance agent who provided the Group Master Policy should be able to provide you with proof of coverage to send to us.

HENP2012

# Exhibit 6

✳ ✳ ✳ Communication Result Report ( Jul. 30. 2013 11:31AM ) ✳ ✳ ✳

Fax Header) ZALAMEA_AGENCY_LLC

Date/Time: Jul. 30. 2013 11:30AM

| File<br>No. Mode | Destination | Pg(s) | Result | Page<br>Not Sent |
|---|---|---|---|---|
| 0917 Memory TX | 18555165394 | P. 3 | OK | |

Reason for error
   E. 1) Hang up or line fail          E. 2) Busy
   E. 3) No answer                     E. 4) No facsimile connection
   E. 5) Exceeded max. E-mail size

---

ALLSTATE NJ INSURANCE COMPANY
216 WASHINGTON AVENUE
LITTLE FERRY, NJ 07643
PH (201)440-6600
FAX (201)440-6604

FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| TO:<br>Chrissy | | FROM:<br>Hernan Zalamea | |
| COMPANY: | | DATE:<br>07/30/2013 | |
| FAX NUMBER:<br>855-516-5394 | | TOTAL NO. OF PAGES INCLUDING COVER:<br>3 | |
| PHONE NUMBER: | | SENDER'S REFERENCE NUMBER: | |
| RE:<br>Loan # 68918043<br>Steve & Claire Psaros | | YOUR REFERENCE NUMBER: | |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

*Please update the client's insurance information.*

"The information contained in this transmission is confidential and intended only for the individual or company named on the cover page. If you are not the intended recipient, please note that disclosure, copying, distribution or use of the contents of this transmission is strictly prohibited. If you received this transmission in error, please notify us by telephone at the phone number listed on this cover page!".

Thanks,

Hernan Zalamea

## ALLSTATE NJ INSURANCE COMPANY
### 216 WASHINGTON AVENUE
### LITTLE FERRY, NJ 07643
### PH (201)440-6600
### FAX (201)440-6604

### FACSIMILE TRANSMITTAL SHEET

| TO:<br>Chrissy | FROM:<br>Hernan Zalamea |
|---|---|
| COMPANY: | DATE:<br>07/30/2013 |
| FAX NUMBER:<br>855-516-5394 | TOTAL NO. OF PAGES INCLUDING COVER:<br>3 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE:<br>Loan # 68918043<br>Steve & ~~Claire Psaros~~ | YOUR REFERENCE NUMBER: |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

### *Please update the client's insurance information.*

"The information contained in this transmission is confidential and intended only for the individual or company named on this cover page. If you are not the intended recipient, please note that disclosure, copying, distribution or use of the contents of this transmission is strictly prohibited. If you received this transmission in error, please notify us by telephone at the phone number listed on this cover page".

Thanks,

Hernan Zalamea

*Loan # 68918043*

# CASTLEPOINT INSURANCE COMPANY
## Homeowners Policy

Insured Copy

## AMENDED DECLARATION

**Amended Declaration #04**     **Effective: 06/24/2013**
**Supersedes any previous declaration bearing the same number for this policy period.**

Reason for amendment: Amendment of the Mortgagee

| Policy No. HOS1264124 | Policy Period: From 10/05/2012 To 10/05/2013 |
|---|---|
| | 12:01 A.M. Standard Time |

| | |
|---|---|
| Name Insured: STEVE PSAROS & ~~Claire Psaros~~ | Agent: COUCH BRAUNSDORF |
| | Address: c/o Herman Zalamea 4106432 |
| | 216 Washington Ave. |
| Address: 81 Arlington Ave | Little Ferry, NJ 07643 |
| Hawthorne, NJ 07506 | Agent Code: 821500P |

The residence premises covered by this policy is located at the above insured address unless otherwise stated below Location:

| Construction Type | Year Built | Territory | Prot. Class | No. Families | Hurricane Ded.: % | Wind Ded. | Ord./Law % | Prot. Dev. Cr. | Occupancy | Value Up |
|---|---|---|---|---|---|---|---|---|---|---|
| Frame | 1921 | 042 | 1 | 1 Family | | | | 2.0% | Owner | Yes |

In case of a loss under Section I, we cover only that part of the loss over the deductible: $1,000   applies to all perils except where otherwise provided

Coverage is provided where limit of liability is shown.

| Section I Coverage | Limit of Liability | | Premium |
|---|---|---|---|
| A. Building | $417,362 | Basic Policy Premium: | $1,373 |
| B. Other Structure | $41,736 | Additional Premiums: | $23 |
| | | NJ Prop - Liab Insurance Guaranty Assoc Surcharge | $13 |
| C. Personal Property | $292,153 | | |
| D. Loss of Use | $125,209 | | |
| | | Total Location Premium: | $1,409 |
| Section II Coverage | | | |
| E. Personal Liability | $300,000 | Total Policy Premium: | $1,409 |
| F. Medical Payments to Others | $3,000 | No Change in Premium. | |

Forms and Endorsements  See Schedule F Attached

Issued Date: 06/25/2013
HT001 (8/98)

*[signature]*

Authorized Signature

*Loan # 68918043*

This schedule, effective 12:01 A.M. 10/05/2012                    forms a part of

Policy No.   HOS1264124                    Issued to:   STEVE PSAROS & Claire Psaros

### SCH-F
### Amended Schedule "F" - Forms, Endorsements and Schedules

| Form No. | Ed. Date | Description |
| --- | --- | --- |
| HT 00 1 | 08 98 | Declaration Page for Homeowners |
| HO 00 03 | 10 00 | Homeowners 3 Special Form |
| HO9 04 03 | 10 07 | Identity Recovery Coverage |
| HO9 07 04 | 10 06 | Limited Fungi, Wet or Dry Rot, or Bacteria Coverage |
| HO9 07 07 | 03 08 | Equipment Breakdown Policyholder Notice |
| HO 01 29 | 08 07 | Special Provisions - New Jersey |
| HO 04 16 | 10 00 | Premises Alarm or Fire Protection System |
| HO 04 27 | 04 02 | Limited Fungi, Wet or Dry Rot, or Bacteria Coverage |
| HO 04 90 | 10 00 | Personal Property Replacement Cost |
| HO 04 96 | 10 00 | No Sect. II Day Care and Limited Sect. I Coverage |
| HO905 81 | 01 06 | Fuel Exclusion Endorsement |
| HO 24 92 | 04 02 | NJ WC and Employers Liability Coverag Res. Emp. |
| IL9 04 01 | 09 08 | Replacement or Repair Cost Protection Coverage Dwelling |
| IL9 07 03 | 07 06 | NJ Earthquake Insurance Availability Notice |
| IL9 07 04 | 02 11 | Personal Property Insurance Policies Flood Exclusion |
| IL9 07 05 | 07 06 | Senior Citizen Third Party Notification Program |
| IL9 07 11 | 10 06 | Privacy Notice |

**Mortgagees**

Green Tree Servicing Llc Its Affiliates And/or Assigns, P.o. Box 979282  Miami, FL 33197

Loan # 0005 68918043

# Exhibit 7



**Bank of America**

**Home Loans**

*Escrow Department, MSN CA6-919-02-05*
*450 American Street*
*Simi Valley, CA  93065-6298*



ˡⁱˡˡˡⁱˡˡˡˡⁱˡˡⁱⁱˡˡˡⁱⁱˡⁱˡⁱˡⁱˡⁱˡˡⁱˡˡˡⁱˡˡⁱˡⁱⁱˡ
AT1        7-772-87104-0009055-004-1-000-000-000-000

STEVEN PSAROS
81 ARLINGTON AVE
HAWTHORNE          NJ  07506

**Notice Date:**     July 11, 2013

**Account No.:**     175593826

**Property Address:**
77 ARLINGTON AVENUE
HAWTHORNE, NJ  07506

## ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT

### IMPORTANT MESSAGE ABOUT YOUR HOME LOAN

We are sending you this statement of activity in your escrow account from April 2010 through July 2013, the date on which your loan was paid in full or transferred to another servicer.

Your monthly mortgage payment since April 2010 was $1,726.97, of which $1,726.97 was for principal and interest and $.00 went into your escrow account.

The total amount paid into your escrow account during the period specified above was $.00 and the total amount paid from your escrow account during that period was $3,832.57-.  A history of payments to and from your escrow account is detailed on the following page(s).

### THANK YOU

If you have questions regarding this notice, please call us at 1-800-669-6607, Monday-Friday 7a.m. - 7p.m. Local Time.  We appreciate the opportunity to serve your home loan needs.

This communication is from Bank of America, N.A., the servicer of your home loan.

Please see the reverse side of this page for important information.

Please write your account number on all correspondence.

# Exhibit 8

# green tree

Insurance Center
Miami, FL 33197

08/04/2013

STEVEN PSAROS
81 ARLINGTON AVE
HAWTHORNE NJ 07506

Re: **NOTICE OF PLACEMENT OF INSURANCE**
Account Number: 68918043

Dear Valued Customer,

Your credit agreement with us requires you to maintain adequate insurance on your collateral until you pay off your account secured by the collateral. As of 06/01/2013   , evidence that you have purchased or maintained the insurance required by the terms of your credit agreement has not been provided to us. Therefore, we have exercised our right to purchase collateral protection insurance coverage to protect our interests in the collateral with respect to the above-referenced credit transaction.

Enclosed is a copy of the insurance policy evidencing coverage we purchased. The effective date of coverage of the property insurance purchased by the creditor is (1) the date of the initial credit transaction, if you failed to obtain insurance coverage initially, or (2) the date of the lapse of coverage if you failed to maintain or renew your coverage, or on (3)06/01/2013. The coverage limit will not be greater than the outstanding principal balance on your account as of the effective date of this insurance, which may be less than the value of your collateral, and as a result, you may be underinsured.

You are responsible for the cost of the insurance we have purchased. Coverage of $ 290,575 results in an insurance premium in the amount of $ 3,693.95        that will be added to the principal balance of your account. You will be charged interest on the premium at your contract rate, amortized over the remaining term of the insurance. You will be billed for the premium and related interest in 9 equal installments; provided, that if an escrow account for payment of insurance has been established, or if your credit agreement allows us to establish an escrow account and one is established, the premium for the insurance may be charged to the escrow account and repayment will be governed by the Real Estate Settlement Procedures Act. All or part of the cost of the collateral protection insurance stated on this Notice of Placement of Insurance may be paid by you at any time, and amounts paid by you will be applied to your account.

**Please note that the insurance coverage we purchased on the collateral was obtained through an affiliated insurance agency that will earn a commission on the insurance policy.**
**The insurance we purchased:**
- **May be more expensive and provide less protection than insurance you obtain from an insurance agent or company you choose;**
- **Will pay claims made by us as the creditor for physical damage to the collateral;**

- **May not pay any claims made by you or against you in connection with the collateral;**
- **Will not give you any liability insurance coverage for claims made against you and will not give you any personal property contents coverage;**
- **Will not satisfy the requirements of your state's mandatory financial responsibility laws of this state or any other state, if any.**

**As a result you may be underinsured. We urge you to contact an insurance agent to assist you in evaluating your insurance needs.**

We strongly encourage you to obtain insurance of your own choosing on the collateral and you may do so at any time[1]. If you provide us with evidence that you have obtained the required insurance, we are required 1) to cancel the insurance we purchased as of the effective date of coverage you provide (as shown in the policy or other evidence of coverage sent to us), 2) credit to the balance of your account that is secured by the collateral any unearned premiums, costs and interest applicable after that date, and 3) refund any excess to you. If you have insurance coverage in place or if you have replaced the coverage, and it has been in place without any lapse in coverage but you have failed to provide us with evidence of insurance, you may, within 30 days after this notice was mailed, provide us evidence of the insurance coverage showing us as a loss payee or beneficiary and the collateral protection insurance coverage place by us will be cancelled and we will deduct from your principal balance all costs of the collateral protection insurance we purchase including any interest charged to your account as a result of the costs of that insurance being added to your principal balance.

If you obtain insurance on your own, please send evidence of insurance, with Green Tree listed as a loss payee as outlined below, to the address below or fax it to 1-866-263-8962:

GREEN TREE SERVICING LLC
ITS AFFILIATES AND/OR ASSIGNS
P.O. Box 979282
Miami, FL 33197-9282

If you have any questions, please contact our Insurance Services Department toll free Monday through Friday, 8:00 a.m. to 8:00 p.m. Eastern Standard Time, at 1-800-643-0202 to speak with a customer service representative.

Sincerely,

GREEN TREE SERVICING LLC

---

[1]For condominiums that are part of an association, the required coverage for the structure or building is often provided by a Group Master Policy that lists the condominium association as the named insured. If this is applicable to you, your condominium association and/or the insurance agent who provided the Group Master Policy should be able to provide you with proof of coverage to send to us.

GREEN TREE INS AGENCY, INC.
PO BOX 6158
RAPID CITY SD 57709-6158

004749
STEVEN PSAROS
81 ARLINGTON AVE
HAWTHORNE NJ   07506

**Re:** MSP 6111744 00



10    1   0

**THIS ENDORSEMENT CHANGES THE POLICY PLEASE READ IT CAREFULLY.**

Attach to RESIDENTIAL PROPERTY COVERAGE - MSP-RES (8-88)

Under **PERILS INSURED AGAINST**, Item 3. h., Intentional Loss is amended as follows:

h.   Intentional Loss, meaning any loss arising out of any act committed
 (1) by you or at your direction;
 (2) with the intent to cause a loss.

 This exclusion will not apply to deny payment to a co-named insured who did not cooperate or contribute to the creation of the loss arose out of domestic violence.

Under **CONDITIONS** Item 12. Loss Payment is amended as follows:

12.   Loss Payment. We will adjust all losses with the Named Insured. Payment for loss will be made within 30 days after we reach agreement with the Named Insured, entry of a final court judgment, or the filing of an approved award with us. Loss will be made payable to the named Insured and the Additional Insured as their interests appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured and the Additional Insured, at the Company's option. No coverage will be available to any mortgagee other than that shown as the Named Insured on the Declarations page of this policy.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.**

# AMERICAN SECURITY INSURANCE COMPANY

P.O. BOX 50355, ATLANTA, GA 30302

A STOCK INSURANCE COMPANY
HEREIN CALLED THIS COMPANY
INCORPORATED UNDER
THE LAWS OF DELAWARE

## READ YOUR POLICY CAREFULLY

## Residential Policy

**This policy only covers buildings and structures. Please read your policy and all endorsements carefully.**

THIS POLICY JACKET TOGETHER WITH THE DWELLING FORM AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THIS POLICY.

# YOUR RESIDENTIAL DWELLING POLICY
## QUICK REFERENCE

### ADDITIONAL INSURED ENDORSEMENT

Your Name
Location of Your Residence
Policy Period
Coverages
Amounts of Insurance
Deductible

| | Beginning On Page | | | Beginning On Page |
|---|---|---|---|---|
| AGREEMENT | 1 | | Our Option | 6 |
| DEFINITIONS | 1 | | Reinstatement | 6 |
| COVERAGES | 1 | | Loss to a Pair or Set | 6 |
| PERILS INSURED AGAINST | 1 | | Glass Replacement | 6 |
| Other Coverages | 3 | | Loss Payment | 6 |
| Other Structures | 3 | | Appraisal | 6 |
| Debris Removal | 3 | | Our Rights of Recovery | 6 |
| Reasonable Repairs | 3 | | Suit Against Us | 7 |
| Property Removed | 4 | | Abandonment of Property | 7 |
| Collapse | 4 | | No Benefit to Bailee | 7 |
| CONDITIONS | 4 | | Cancellation | 7 |
| Policy Period | 4 | | Return of Premium | 7 |
| Other Insurance | 4 | | Liberalization Clause | 7 |
| Insurance Interests & Limits of Liability | 4 | | Waiver or Change of Policy Provisions | 7 |
| Concealment or Fraud | 5 | | Assignment | 7 |
| Your Duties After Loss | 5 | | | |
| Loss Settlement | 5 | | | |
| Salvage and Recoveries | 6 | | | |

| AGENCY | | | |
|--------|-----|-------|-------|
| Major | Sub | Minor | State |
| | 000 | 000 | |
| | | | |

**American Security Insurance Company**
**PO BOX 50355, ATLANTA, GA 30302**

LOAN NUMBER: 68918043

**RESIDENTIAL PROPERTY**
**ADDITIONAL INSURED ENDORSEMENT**

ADDITIONAL INSURED-Name and Address (Street No., City, State, Zip)
STEVEN PSAROS
81 ARLINGTON AVE
HAWTHORNE NJ 07506

NAMED INSURED/MORTGAGEE-Name and Address
GREEN TREE SERVICING LLC,
345 ST PETER STREET 11 FLOOR
ST PAUL MN 55102
1-800-643-0202

Coverage is provided where a premium or limit of liability is shown for the coverage, subject to all conditions of this policy.

| POLICY PERIOD ONE YEAR | COVERAGES | LIMITS OF LIABILITY | PREMIUM |
|---|---|---|---|
| EFFECTIVE DATE: 06/01/2013 | DWELLING | $ 290,575 | $ 3,661.00 |
| EXPIRATION DATE: 06/01/2014 | | | |
| EFFECTIVE TIME: 12:01 A.M. | | | |
| DESCRIBED LOCATION (if different from mailing address above) 77 ARLINGTON AVE HAWTHORNE, NJ 07506 | | | |
| | | | |
| | | | |
| SECURITY INTEREST: | | | |
| | | | |
| | NJPLIGA S/C | 0.90 | 32.95 |
| | | | .00 |
| | ANNUAL PREMIUM AMOUNT | | $ 3,661.00 |
| | ANNUAL TOTAL CHARGED | | $ 3,693.95 |

Forms and endorsements which are made a part of this policy at time of issue:

**SEE BACK FOR LIST OF FORMS ATTACHED**

Subject to the terms and provisions of the Mortgage Service Program, Residential Property Mortgagee's Policy, including but not limited to the Residential Property coverage form attached hereto, it is agreed that the insurance applies to the property described above and to any person shown as an Additional Insured with respect to such property, subject to the following additional provisions:

a.  The above Named Insured Mortgagee is authorized to act for such Additional Insureds in all matters pertaining to this insurance including receipt of Notice of Cancellation, and return premium, if any.

b.  The above Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Insured for the insurance afforded.

c.  Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Insureds as their interests may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Insured, at our option.

**Deductibles:**

With respect to all perils except Theft or Vandalism and Malicious Mischief, the sum of $ 250 shall be deducted from the amount which would otherwise be recoverable for each loss separately occurring. With respect to Theft or Vandalism and Malicious Mischief a $ 500 per loss deductible applies. With respect to vacant property a $1000 per loss deductible applies for Theft or Vandalism and Malicious Mischief.

ALL OTHER INQUIRIES
1-800-643-0202

CLAIMS INFORMATION ONLY
1-800-358-0600

Agency at

_____
Authorized Representative

Countersignature Date

PMS-A(Rev.3/02)

MS1044-0712

# Exhibit 9

Green Tree Servicing LLC                                    August 13, 2013

P.O. Box 979282

Miami, FL 33197-9282


Reference account number 68918043

In receipt of your letter in concern of house insurance

A FAX was sent to you on July 30 2013 at 11:30 AM EST. to a telephone number 855-516-5319 given to me by a representative of yours named Chrissy. It was sent from the office of my insurance rep. for Allstate , Hernan Zalemea.

Copy of documentation of this event is enclosed as well as copies of the HOUSE INSURANCE POLICY.

I am sending it certified so that there can not be any doubt about receivership, or of the insurance itself.

I believe that this should satisfy your curiosity, and the attempt to overcharge me at least three times over the normal cost of insurance will not be necessary.

Please provide me receipt of cancellation and refund of any and all charges to account so that I know you have corrected this error.


Sincerely,


            Steven Psaros

# Exhibit 10

# green tree

## NEW JERSEY NOTICE OF DEFAULT AND INTENT TO FORECLOSE

Date of Notice: December 13, 2013

CLAIRE PSAROS
77 ARLINGTON AVE
HAWTHORNE, NJ. 07506

Green Tree Servicing LLC
1400 Turbine Drive
Rapid City, SD 57703
(800) 643-0202

RE:     Loan No. 68918043 - 8

Credit Transaction:     Loan Secured by Real Property at: 77 ARLINGTON AVE, HAWTHORNE NJ 07506
Original principal amount: $300,000.00
Origination date: 1/23/2008

Dear CLAIRE PSAROS:

You are now in default on the above-referenced credit transaction. You have the right to correct this default by 1/16/2014 (Date to Cure).

**YOU HAVE NOT MADE MONTHLY MORTGAGE PAYMENTS** for the following months and the following amounts are now past due: Monthly Principal and Interest Payments due from May 1, 2010 through December 1,2013 $75,986.68 Other charges (explain/itemize): Late Charges $ 13.32, NSF Fee: $ 0.00, Escrow/Other: $ 0.00, Insurance: $ 0.00, Taxes advanced: $ 0.00. TOTAL AMOUNT PAST DUE: $76,000.00. If you cure the default, you may continue with the contract as though you did not default.

Cure of default: Before <u>1/16/2014</u> you may cure the default by paying the reinstatement amount of **$76,000.00** plus any other charges, including advances pursuant to the terms of your Note and Mortgage which become due and payable on or before the Date to Cure (or the next business day thereafter, if the Date to Cure falls on a weekend or holiday). If you want to pay by mail, send a certified check, money order or cashier's check. DO NOT SEND CASH. Payment must be received in our office at the servicer address listed below by the Date to Cure.

Creditor's Rights: If you do not cure the default by the Date to Cure, the lender may take steps to terminate your ownership of the property by accelerating the mortgage payments and commencing a foreclosure suit in a court of competent jurisdiction. If the mortgage is foreclosed, the mortgaged property will be sold by the Sheriff or other officer authorized by law and the proceeds of the sale applied to the mortgage debt. You may also be sued personally for all sums due under the Note or other instrument evidencing your personal obligation to repay the loan as provided by law.

If you have not cured the default by the Date to Cure and foreclosure proceedings have begun, you have the right to cure the default up to the entry of Final Judgment or Order of Redemption, provided you pay all payments necessary to bring the loan current, including late and other charges due, plus attorney's fees and costs permitted by New Jersey Court Rules in connection with the foreclosure <u>and</u> perform any other obligations required under the Note and Mortgage. You have the right to transfer the mortgaged property to another person subject to the Mortgage and any such transferee may have the right to cure the default as provided for by law, subject to the provisions of the Mortgage documents.

Please review your mortgage or deed of trust for any right you may have to reinstate your loan after acceleration but prior to the earlier of (a) five days before the sale of the property under any power of sale in the Security Instrument or (b) entry of a judgment enforcing the Security Instrument, by paying the Creditor all sums then due as if no acceleration had occurred. You also have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense available to you.

If you disagree with our assertion that the Mortgage is in default or if you disagree with the correctness of the amount required to cure the default as stated in the letter, you may contact:

Name of Representative of the Lender: Latarsha W
Telephone Number of Representative of the Lender: 1-800-643-0202, Ext. 86420

Servicer:  Green Tree Servicing LLC
Servicer's Address:  3012 Business Park Circle, Suite 100, Goodlettsville, Tennessee 37072

Lender: Green Tree Servicing LLC
Lender Address:  7360 South Kyrene Road, Tempe, AZ 85283

You may be able to obtain financial assistance for curing the default from programs operated by the state or federal government or nonprofit organizations, if any, as identified by the Commissioner of Banking of the State of New Jersey, whose telephone number is 1-609-292-3420.  See attached list.

You are advised to seek counsel from an attorney of your own choosing concerning your residential mortgage default situation.  If you are unable to obtain an attorney, you may communicate with the New Jersey Bar Association or Lawyer Referral Service in the county where the property is located.  If you are unable to afford an attorney, you may communicate with the Legal Services Office in the county where the property is located. See attached list.

**Attention Servicemembers and dependents**: The Federal Servicemembers' Civil Relief Act ("SCRA") and certain state laws provide important protections for you, including prohibiting foreclosure or repossession under most circumstances.  If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Green Tree immediately.  When contacting Green Tree as to your military service, you must provide positive proof as to your military status.  If you do not provide this information, it will be assumed that you are not entitled to protection under the above-mentioned Act.

*Unless you notify us in writing within thirty (30) days after receipt of this letter that the debt, or any part of it, is disputed; we will assume that the debt is valid. If you notify us of a dispute, we will obtain verification of the debt and mail it to you. Also, upon written request within thirty (30) days, we will provide you with the name and address of the original lender if different from the current lender.*

Sincerely,


Green Tree
1-800-643-0202
8:00 a.m. to 6:00 p.m. Mountain Time

This communication is from a debt collector.  It is an attempt to collect a debt, and any information obtained will be used for that purpose.

# Exhibit 11

STERN LAVINTHAL & FRANKENBERG LLC
105 Eisenhower Parkway - Suite 302
Roseland, NJ 07068
(973) 797-1100
Attorneys for Plaintiff
Donna M. Miller, Esq.: 012122005
201006865

| | |
|---|---|
| GREEN TREE SERVICING LLC<br><br>Plaintiff<br><br>Vs.<br><br>STEVEN PSAROS and CLAIRE PSAROS, HIS WIFE<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>PASSAIC COUNTY<br><br>DOCKET NO.: F-046572-10<br><br><br>CIVIL ACTION<br><br>NOTICE OF MOTION FOR ENTRY OF<br>JUDGMENT AND CERTIFICATION OF<br>SERVICE OF NOTICE |

TO: STEVEN PSAROS
77 ARLINGTON AVENUE
HAWTHORNE, NJ 07506

STEVEN PSAROS
81 ARLINGTON AVENUE
HAWTHORNE, NJ 07506

CLAIRE PSAROS, HIS WIFE
77 ARLINGTON AVENUE
HAWTHORNE, NJ 07506

CLAIRE PSAROS, HIS WIFE
81 ARLINGTON AVENUE
HAWTHORNE, NJ 07506

PLEASE TAKE NOTICE that the undersigned, attorneys for the Plaintiff, shall apply before the Superior Court of New Jersey, Chancery Division, Foreclosure Unit, for the entry of Judgment in this action and shall file the attached Certification of Proof of Amount Due required by law which will establish that there is due upon Plaintiff's obligation and mortgage the sum of $377,287.24 as of April 9, 2015, together with interest thereon.

PLEASE TAKE FURTHER NOTICE that more than six (6) months has passed since the entry of default.

**IF YOU WANT TO OBJECT TO THE CALCULATION OF AMOUNT DUE, YOU MUST DO SO IN WRITING WITHIN 10 DAYS AFTER THE DAY YOU RECEIVED THIS MOTION. ANY OBJECTION TO THE CALCULATION OF THE AMOUNT DUE MUST ADDRESS AND DETAIL WITH SPECIFICITY THE BASIS OF THE OBJECTION TO THE AMOUNT DUE. YOU MUST FILE YOUR OBJECTION WITH THE OFFICE OF FORECLOSURE, P.O. BOX 971, 25 MARKET STREET, TRENTON, NEW JERSEY 08625, AND SERVE A COPY ON THE MOVING PARTY. THE OFFICE OF FORECLOSURE DOES NOT CONDUCT HEARINGS. YOUR PERSONAL APPEARANCE AT THE OFFICE WILL NOT QUALIFY AS AN OBJECTION. IF YOU FILE A SPECIFIC OBJECTION TO THE CALCULATION OF THE AMOUNT DUE, ON RECEIPT OF A SPECIFIC OBJECTION TO THE CALCULATION OF THE AMOUNT DUE PURSUANT TO R. 4:64-1(d)(1)(A), THE OFFICE OF FORECLOSURE SHALL REFER THE MATTER TO THE JUDGE IN THE COUNTY OF VENUE, WHO SHALL SCHEDULE SUCH FURTHER PROCEEDINGS AND NOTIFY THE PARTIES OR THEIR ATTORNEYS OF THE TIME AND PLACE THEREOF.**

**STERN LAVINTHAL & FRANKENBERG LLC**

Attorneys for Plaintiff

By: ___/S/___ Donna M. Miller, Esq.
Donna M. Miller, Esq.
Associate of the Firm

Dated: April 24, 2015

# CERTIFICATION OF SERVICE OF NOTICE

Donna M. Miller, Esq. does hereby certify:

1.      I am an associate with the firm of Stern Lavinthal & Frankenberg LLC, attorney for the Plaintiff in the above entitled action.

2.      On April 24, 2015, I did cause to be mailed a copy of the within Notice of Motion for Entry of Judgment, Certification of Diligent Inquiry and Certification of Proof of Amount Due to the following:

STEVEN PSAROS
77 ARLINGTON AVENUE
HAWTHORNE, NJ 07506

STEVEN PSAROS
81 ARLINGTON AVENUE
HAWTHORNE, NJ 07506

CLAIRE PSAROS, HIS WIFE
77 ARLINGTON AVENUE
HAWTHORNE, NJ 07506

CLAIRE PSAROS, HIS WIFE
81 ARLINGTON AVENUE
HAWTHORNE, NJ 07506

By certified mail, return receipt requested, and by regular mail with required postage thereon, by depositing an envelope containing said notice through the United States mail.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/S/      Donna M. Miller, Esq.
          Donna M. Miller, Esq.

Dated: April 24, 2015

STERN LAVINTHAL & FRANKENBERG LLC
105 Eisenhower Parkway - Suite 302
Roseland, NJ 07068
(973) 797-1100
Attorneys for Plaintiff
Donna M. Miller, Esq.: 012122005
201006865

| | |
|---|---|
| GREEN TREE SERVICING LLC | SUPERIOR COURT OF NEW JERSEY |
|         Plaintiff | CHANCERY DIVISION: |
| | PASSAIC COUNTY |
|    vs. | |
| | DOCKET NO: F-046572-10 |
| STEVEN PSAROS, et al. | |
| | CIVIL ACTION |
|        Defendant(s) | |
| | PROOF OF AMOUNT DUE |
| | AFFIDAVIT AND SCHEDULE |

Danielle Froelich, of full age, being duly sworn according to law, depose and say:

1.  I, Danielle Froelich, am employed by Green Tree Servicing LLC ("Green Tree") at its Rapid City, South Dakota office as a Foreclosure Representative. My responsibilities in this position are: to review and confirm the accuracy of the Foreclosure Affidavit. If Green Tree is not the Plaintiff in the above-captioned action (the "Foreclosure"), then Green Tree acts in the capacity of Plaintiff's mortgage loan Servicer and is authorized to service mortgage loan transactions on behalf of the Plaintiff involving the Mortgagor/Defendant(s) in the Plaintiff's Foreclosure action. In such circumstances, the Plaintiff has not revoked Green Tree's authority and, as such, I have the authority to make, on behalf of the Plaintiff, the computations of the amount due on the subject Mortgage loan account presented in the attached Schedule.

2.    I have thoroughly reviewed plaintiff's books and business records concerning the note and mortgage loan described in the plaintiff's complaint.

3.    Said books and business records indicate that the default of the defendants-borrower(s), Steven Psaros, remains uncured and there is due to the plaintiff in this action as of April 9, 2015 the sum of $377,287.24, as set forth in the Proof of Amount Schedule annexed hereto. I have reviewed all entries and calculations, and they are correct. *Per Diem* interest, as set forth in the annexed schedule, will accrue on the principal from April 9, 2015.

4.    The property described in this complaint in this action cannot be divided and should be sold as a single tract.

5.    There are no just debts, set-offs, credits or allowances due at this time or to become due from the plaintiff to the defendant-borrower(s), other than those set forth herein.

6.    The plaintiff is the holder of the aforesaid note and mortgage.

7.    I understand that the court will rely upon this affidavit in support of the plaintiff's application for a foreclosure judgment in the within action.

Green Tree Servicing LLC

_Danielle Froelich_

Danielle Froelich / Foreclosure Representative

4-23-2015

Sworn and submitted before me, this
23rd Day of April, 2015
_Elizabeth LeBeau_
Notary Public of the State of South Dakota
My Commission expires: 3/16/2021

SEAL

ELIZABETH LEBEAU
NOTARY PUBLIC
SOUTH DAKOTA
COMMISSION EXPIRES 3-16-2021

Obligation (Note and Mortgage) bearing date of: 1/23/2008
Recorded on 1/30/2008, in Passaic County, in Book M9616, Page 54
Property Address: 77 Arlington Avenue, Hawthorne, New Jersey
Mortgage Holder: GREEN TREE SERVICING LLC

## STATEMENT OF AMOUNT DUE

| | | |
|---|---|---:|
| Unpaid Principal Balance as of: 4/9/2015 | | $290,575.38 |
| Interest from 4/1/2010 to 4/9/2015 | | $82,083.12 |

Advances through 4/9/2015 for:

| | | |
|---|---:|---:|
| Real Estate Taxes: | $0.00 | |
| Home Owners Insurance Premiums: | $10,974.37 | |
| Flood Insurance Premiums: | $0.00 | |
| Mortgage Insurance Premiums: | $0.00 | |
| Inspections: | $0.00 | |
| Winterizing/Securing: | $0.00 | |
| **Sub-total of Advances:** | $10,974.37 | |
| **Escrow Payments:** | ($3,693.95) | |
| **Beginning Escrow Balance** | ($0.00) | |
| **Escrow Ins Refunds:** | ($2,651.68) | |
| **Net Advance:** | | $4,628.74 |

| | | |
|---|---|---:|
| Other charges (specify) _____ | | $0.00 |
| TOTAL DUE as of 4/9/2015: | | $377,287.24 |

Surplus Money: If after the sale and satisfaction of the mortgage debt including costs and expenses, there remains any surplus money, the money will be deposited into the Superior Court Trust Fund and any person claiming the surplus, or any part thereof, may file a motion pursuant to Court Rules 4:64-3 and 4:57-2 stating the nature and extent of that person's claim and asking for an order directing payment of the surplus money. The Sheriff or other person conducting the sale will have information regarding the surplus, if any.

Green Tree Servicing LLC

Signature: _Danielle Froelich_

Print or Type Name: Danielle Froelich / Foreclosure Representative

Date: April 23, 2015

PSAROS STEVEN

ESCROW ADVANCES

| DATE | INSURANCE | INSURANCE REFUND | PMTS/CREDITS |
|---|---|---|---|
| 5/31/2013 | $3746.22 | | |
| 6/12/2013 | | $1077.68 | |
| 8/6/2013 | $3693.95 | | |
| 8/22/2013 | | | $2668.54 |
| 8/22/2013 | | | $1025.41 |
| 9/16/2013 | $1472.00 | | |
| 9/15/2014 | $1574.00 | | |
| 12/12/2014 | | $1574.00 | |
| 3/31/2015 | $488.20 | | |
| | **$10974.37** | **$2651.68** | **$3693.95** |

INTEREST

| Rate | From | to | days | per diem | |
|---|---|---|---|---|---|
| 5.625% | 4/1/2010 | 4/9/2015 | 1834 | ▓▓▓▓▓▓ | $ 44.7804524 |

STERN LAVINTHAL & FRANKENBERG LLC
105 Eisenhower Parkway - Suite 302
Roseland, NJ 07068
(973) 797-1100
Attorneys for Plaintiff
Donna M. Miller, Esq: 012122005
201006865

| | |
|---|---|
| GREEN TREE SERVICING LLC<br><br>Plaintiff<br><br>-v-<br><br>STEVEN PSAROS, et. al.<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>PASSAIC COUNTY<br><br>DOCKET NO.: F-046572-10<br><br>CIVIL ACTION<br><br>CERTIFICATION OF DILIGENT INQUIRY |

Donna M. Miller, Esq., of full age, hereby certifies and says:

1.  I am an attorney at law duly licensed to practice in the state of New Jersey and am an associate with the law firm of Stern, Lavinthal & Frankenberg, LLC, the attorneys of record for the Plaintiff in the above-captioned residential mortgage foreclosure action. I am responsible for this mortgage foreclosure action and am fully familiar with the pleadings and documents filed in this action and the facts set forth in this certification.

2.  On April 7, 2015 and again on April 24, 2015, I communicated by client interface and overnight delivery with the following named employee(s) of plaintiff/plaintiff's servicer, who informed me that he/she has personally reviewed the documents submitted to the Court, affidavit

of amount due and the original or a true copy of the note, mortgage, and recorded assignments, if any, and that he/she confirmed the accuracy of all documents:

Name of employee(s) of Servicer for Plaintiff/Plaintiff: DANIELLE FROELICH

Title of employee(s) of Servicer for Plaintiff/Plaintiff: FORECLOSURE REPRESENTATIVE

Responsibilities of employee(s) of Servicer for Plaintiff/Plaintiff: REVIEWS AND CONFIRMS THE ACCURACY OF THE FORECLOUSRE AFFIDAVIT

3.       Based on my communication with the above-named employee(s) of Plaintiff, as well as my own inspection of the documents filed with the court and other diligent inquiry, I execute this certification to comply with the requirements of Rule 4:64-2(d) and Rule 1:4-8(a).

4.       Upon information and belief, the property is commonly known as 77 Arlington Avenue, Hawthorne, NJ with a mailing address of 81 Arlington Avenue, Hawthorne, NJ.

5.       I am aware that I have a continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertion proffered by the Plaintiff in any court filings and documents in this case.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

STERN LAVINTHAL & FRANKENBERG LLC

By:  ___/S/   Donna M. Miller, Esq._____
           Donna M. Miller, Esq.

Dated:  April 24, 2015

Borrower: STEVEN PSAROS
Property Address: 77 ARLINGTON AVENUE, HAWTHORNE, NJ 07506
Last Four of Loan Number: XXXX8043