UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN PSAROS<br><br>    Plaintiff,<br><br>       vs.<br><br>GREEN TREE SERVICING, LLC.;<br>STERN LAVINTHAL & FRANKENBERG<br>LLC;  JOHN DOES I-X,<br><br>    Defendant. | Civil Action No. 2:15-cv-04277-JLL-JAD |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**

**TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Adam Deutsch, Esq.
Denbeaux & Denbeaux
366 Kinderkamack Road
Westwood, NJ 07675
(201) 664-8855
adeutsch@denbeauxlaw.com
*Attorneys for Plaintiff*
*Steven Psaros*

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................... 1

PROCEDURAL HISTORY RELEVANT TO THE MOTION..................... 2

STATEMENT OF FACTS RELEVANT TO THE MOTION..................... 2

LEGAL ARGUMENT........................................................................ 5

   1. LEGAL STANDARD ON DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS.................................................................... 5

   2. PROCEDURALLY, DEFENDANT'S MOTION MUST BE DENIED AS FILED
UNTIMELY ................................................................... 7

   3. PLAINTIFF'S COMPLAINT SETS FORTH A VALID CLAIM FOR RELIEF
UNDER THE FAIR DEBT COLLECTION PRACTICES ACT...... 8

   4. THE FDCPA IS A STRICT LIABILITY STATUTE AND STERN LAVINTHAL
MADE FALSE OR MISLEADING REPRESENTATIONS IN VIOLATION OF THE
FDCPA WHILE PURSUING COLLECTION ACTIVITY................. 10

      a.   Under the Strict Liability Framework of the FDCPA
there is Only One Defense to Liability, and it Has Not Been
Alleged or Established............................................... 13

   5. A DEBTOR HAS NO OBLIGATION TO NOTIFY A DEBT COLLECTOR THAT
IT HAS ENGAGED IN CONDUCT VIOLATING THE FDCPA BEFORE THE
DEBTOR FILES SUIT FOR RELIEF..................................... 15

      a.   State Law Concepts of Waiver are Inapplicable to
Plaintiff's Claims.................................................... 17

      b.   Estoppel Does Not Apply and Plaintiff Has Not Taken
Inconsistent Positions............................................... 18

CONCLUSION................................................................... 20

**<u>TABLE OF AUTHORITIES</u>**

**CASES**

*Allen v. LaSalle Bank* 629 F.3d 364, 368
(3d Cir. 2011)......................................................   10

*Ashcroft v. Iqbal* 556 U.S. 662, 696 (U.S. 2009).   5

*Bell Atl. Corp. v. Twombly* 550 US. 544 (2007)......   5

*Budhun v. Reading Hosp. & Med. Ctr.*, 765 245, 251
(3d Cir. 2014).......................................................   6

*Brown v. Card Service Center,* 464 F.3d 450, 453
(3d Cir. 2006)......................................................   16

*Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d
Cir. 1997).......................................................   6

*Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1998)   9

*Douglass v. Convergent Outsourcing* 756 F.3d 299, 303 (3d Cir.
2014)............................................................   9

*Glover v. FDIC.*, 698 F.3d 139, 149 (3d Cir. 2012)   10

*Hamilton v. Healthcare of La.*, 310 F.3d 385, 392
(5th Cir. 2002)....................................................   16

*Heintz v. Jenkins* 514 U.S. 291, 299 (1995)..............   9

*Jensen v. Presler & Pressler* 791, F.3d 413, 418
(3d Cir. 2015)......................................................   16

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559
U.S. 573 (2010).....................................................   14

*Kaymark v. Bank of Am., N.A.* 783 F.3d 168, 178
(3d Cir. 2015)......................................................   10,12,16

*Knorr v. Smeal*, 178 N.J. 169, 177 (2003)................... 17

*Libert Int'l Underwriters Can. V. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 323 (D.N.J. 2013)............................. 8

*Maher v. New Jersey Transit Rail Operations, Inc*. 125 N.J. 455, 464 (1991)................................................. 18

*Maisonet v. N.J. Dep't of Human Servs., Div. of Family Dev.*, 140 N.J. 214, 221-2 (1995)................................. 18

*McLaughlin v. Phelan Hallinan & Schmieg, LLP* 756 F.3d 240 (3d Cir. 2014)................................................. 9,12,15

*Moore v. City of Phila.*, 461, F.3d 331, 340 (3d Cir. 2006)............................................... 6

*Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)............................................... 5

*Piper v. Portnoff Law Assocs LTD*, 396 F. 3d 227 (3d Cir. 2005)

*Reichert v. National Credit Systems*, 531 F.3d 1002 (9th Cir. 2008)................................................. 14

*Revell v. Port Auth. Of N.Y. and N.J.*, 598 F.3d 128, 134................................................... 5

*Russel v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996)   14

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996)..................................... 19

*Synscourt, Inc. v. Sequential Software, Inc.* 50 F. Supp.2d 318, 325-326 (D.N.J. 1999)................................. 6

*Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)................................................. 5

iv

**STATUTES AND REGULATIONS**

15 U.S.C. §1692(a)......................................................... 16

15 U.S.C. §1692e........................................................... 2,11

15 U.S.C. §1692e(2)........................................................ 12

15 U.S.C. §1692g(c)........................................................ 18,19

15 U.S.C. §1692k........................................................... 14,15

15 U.S.C. §1692k(c)........................................................ 14

**RULES**

Fed. R. Civ. P. 12(b)...................................................... 2,7

Fed. R. Civ. P. 12(b)(6)................................................... 5

Fed. R. Civ. P. 12(c)...................................................... 2,5,7

Fed. R. Civ. P. 12(d)...................................................... 6

Fed. R. Civ. P. 56......................................................... 6

Fed. R. Civ.P. 56(a)....................................................... 6

N.J.Ct.R. 1:4-8(a)(3)...................................................... 13

N.J.Ct.R. 4:64-2(d)........................................................ 13

## PRELIMINARY STATEMENT

Stern Lavinthal Frankenberg LLC ("Stern Lavinthal") sought to collect a debt from Plaintiff in state court.  As part of its collection efforts, Defendant demanded payment of $10,974.37 for property insurance.

Plaintiff maintained insurance on the property pursuant to the mortgage contract.  Plaintiff timely provided the loan servicing company with proof of insurance and the debt collectors were not entitled to collect money relating to insurance.  These facts, alleged in the Complaint and supported by exhibits, are not disputed by Stern Lavinthal.

In asking this Court to dismiss Plaintiff's claim, Stern Lavinthal makes two arguments.  First, it argues that co-defendant GreenTree (a client of Stern Lavinthal) bears exclusive liability for the false, deceptive and misleading efforts to collect an amount not owed.  Second, Stern Lavinthal argues that Plaintiff waived the right to bring suit because he did not first notify Defendant that it was seeking to collect a sum of money not owed.  Both arguments should fail.

Stern Lavinthal made false, misleading and deceptive misrepresentations as to the amount owed on its own letterhead and certified to having taken steps to verify the accuracy of the amount owed.  The FDCPA is a strict liability statute in so much as it does not require a showing of intent to deceive.

1

During the past two years the Third Circuit Court of Appeals has twice ruled that a debtor need not seek validation of a debt he or she believes is inaccurate as presented by the collector, as a prerequisite to filing suit under 15 U.S.C. §1692e. Accordingly, Plaintiff's claim must be permitted to proceed at this time.

## PROCEDURAL HISTORY RELEVANT TO THE MOTION

Plaintiff filed a complaint commencing this litigation on June 24, 2015. [ECF 1]   On August 17, 2015, Stern Lavinthal filed an Answer to the Complaint. [ECF 11]   Stern Lavinthal's answer includes a cross-claim against its client GreenTree Servicing, LLC ("GreenTree"). Id.   On October 9, 2015 Stern Lavinthal filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b). [ECF 13]   On that same day, Stern Lavinthal withdrew its motion. [ECF 14]   Later on the same day, Stern Lavinthal filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). [ECF 15]   On October 26, 2015, GreenTree filed an Answer to Stern Lavinthal's cross-claim and filed a cross-claim against Stern Lavinthal. [ECF 21]   On October 28, 2015, Stern Lavinthal filed an answer to the cross-claim of GreenTree. [ECF 23]

## STATEMENT OF FACTS RELEVANT TO THE MOTION

Plaintiff Stephen Psaros has owned and resided in the property located at 81 Arlington Ave. Hawthorne, New Jersey since 1999. [ECF 1: Complaint ¶6]   In January 2008 Plaintiff

2

refinanced the mortgage loan on the property, executing a promissory note and mortgage. [ECF 1: Complaint ¶7] In connection with the loan, Plaintiff executed an Escrow Waiver requiring Plaintiff to pay taxes and insurance directly and not through an escrow account managed by the lender. [ECF 1: Complaint ¶9-10, Exhibit 1]

Plaintiff defaulted on the mortgage loan, and thereafter, the defendant law firm Stern Lavinthal was retained as a debt collector. [ECF 1: Complaint ¶12] Stern Lavinthal filed a debt collection foreclosure lawsuit under New Jersey docket F-46572-10 on September 22, 2010. [ECF 1: Complaint ¶11]

In June 2013 servicing of the mortgage loan was transferred to defendant GreenTree in June 2013. [ECF 1: Complaint ¶13] By letter dated June 17, 2013 GreenTree requested proof that Plaintiff was maintaining property insurance. [ECF 1:Complaint ¶14, Exhibit 3] On July 18, 2013 GreenTree made a second request for proof of insurance, stating that proof must be provided within 15 calendar days. [ECF 1: Complaint ¶16, Exhibit 5] On July 30, 2013 Plaintiff's insurance agent sent proof of Plaintiff's property insurance policy to the designated fax number provided by GreenTree. [ECF 1: Complaint ¶17, Exhibit 6]

By letter dated August 4, 2013, GreenTree advised Plaintiff that force-placed property insurance was obtained by GreenTree. [ECF 1: ¶19, Exhibit 8] On August 13, 2013 Plaintiff again

3

provided GreenTree with proof that he was maintaining insurance on the property pursuant to the mortgage loan contract and escrow waiver. [ECF 1: Complaint ¶20, Exhibit 9]

In April 2015 Stern Lavinthal filed a motion to set the amount due on the loan and obtain entry of final judgment in the foreclosure litigation. [ECF 1: Complaint ¶23, ¶--, Exhibit 11] The application for final judgment includes a signed notice from Stern Lavinthal employee Donna M. Miller, Esq. stating that the amount owed by Plaintiff is $377,287.24. [ECF 1: Complaint Exhibit 11] The application for final judgment includes a certification signed by GreenTree employee Danielle Froelich submitted on Stern Lavinthal letter head. [ECF 1: Complaint Exhibit 11] The Froelich certification states that $10,974.37 of the $377,287.24 owed by Plaintiff on the mortgage loan is attributed to "Home Owners Insurance Premiums." [ECF 1: ¶23 Complaint Exhibit 11] GreenTree did not incur costs of $10,974.37 for payment of insurance premiums. [ECF 1: Complaint ¶25] At all times Plaintiff has maintained payment of property insurance. [ECF 1: Complaint ¶25]

Two months after Stern Lavinthal made false, deceptive and misleading representation of the amount owed by Plaintiff, the within lawsuit was filed. [ECF 1: Complaint]

4

## <u>LEGAL ARGUMENT</u>

**1. LEGAL STANDARD ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS.**

The legal standard on Defendant's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is the same as that which applies to a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) motion. *Revell v. Port Auth. Of N.Y. and N.J.,* 598 F.3d 128, 134. The Court is limited to a review of the Complaint filed by Plaintiff and is directed to "accept the complaint's allegations as true and draw all reasonable inferences in favor of the non-movant." *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003); *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The Supreme Court instructs that motions to dismiss should only be granted if a court finds the Plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests, or the claim fails to present facts that could plausibly support the claims alleged. *Bell Atl. Corp. v. Twombly* 550 US. 544, 555 (2007). A claim must be sustained as having "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).

Under the standard rule, courts may not review documents and evidence not appearing as part of the Plaintiff's pleadings.

5

The exception to this rule provides that the Court may consider documents explicitly relied on or incorporated by reference in the pleading, and other documents "integral to" the complaint. *In Re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *Synscort, Inc. v. Sequential Software, Inc.* 50 F.Supp. 2d 318, 325-26 (D.N.J. 1999).  When the moving party submits new documents and/or other evidence that do not meet the limited exception, the court must reject the submission or review the motion under the more stringent Summary Judgment standard.  Fed. R. Civ. P. 12(d).

Stern Lavinthal's motion includes several exhibits not directly relating to the controversy before the Court. Accordingly, the Court may deny the motion as defective or may convert the motion to one for Summary Judgment.  Fed. R. Civ. P. 12(d); Fed. R. Civ. P. 56.  Under the Summary Judgment standard, the Court views all available facts in the light most favorable to the non-moving party.  *Moore v. City of Phila.*, 461, F.3d 331, 340 (3d Cir. 2006).  "Summary judgment is appropriate only if there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 245, 251 (3d Cir. 2014)(*quoting* Fed. R. Civ.P. 56(a)).

Under the Fed. R. Civ. P. 12(b)(6) and the Fed. R. Civ. P. 56 standards, Stern Lavinthal's motion should be denied.

Plaintiff has alleged all four elements required to establish a cause of action under the FDCPA and the exhibits submitted by Plaintiff with the underlying complaint corroborate Plaintiff's allegations sufficiently to sustain the claim.  The new evidence provided by Stern Lavinthal supports Plaintiff's allegations and further confirms the motion must be denied.

## 2. PROCEDURALLY, DEFENDANT'S MOTION MUST BE DENIED AS FILED UNTIMELY.

Defendant Stern Lavinthal moved to dismiss pursuant to Fed. R. Civ. P. 12(b).  That motion was withdrawn after Plaintiff's counsel notified Stern Lavinthal that the applicable rule prohibits the filing of a Fed. R. Civ. P. 12(b) motion after a responsive pleading has been filed.  Within hours, Defendant filed a materially identical motion, only this time seeking relief under Fed. R. Civ. P. 12(c).  The theory appears to be based on the defense that Plaintiff has failed to state a claim upon which relief can be granted.  Once again, Plaintiff's motion must be denied for being procedurally and substantively deficient.

The applicable rules states:

> "Motion for Judgment on the Pleadings.  After the pleadings are closed—but early enough not to delay trial – a party may move for judgment on the pleadings."
> Fed. R. Civ. P. 12(c)

At the time Defendant filed the within motion, the pleadings were not closed and therefore the motion was filed untimely. "The pleadings are considered to be 'closed' after the complaint and answer have been filed, along with any reply to additional claims asserted in the answer." *Libert Int'l Underwriters Can. V. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 323 (D.N.J. 2013). Defendant SLF filed an Answer to the Complaint on August 17, 2015, together with two cross-claims asserted against its client and co-defendant GreenTree Servicing, LLC. [ECF 11] GreenTree did not file an answer to the cross-claims until October 26, 2015, seventeen days after Defendant filed the motion before this Court. GreenTree's October 26, 2015 answer to the cross-claim contains a cross-claim filed against co-defendant Stern Lavinthal. Stern Lavinthal did not file an answer to the cross-claim until October 28, 2015. [ECF 23]. Because the pleadings were open for 19 days following the filing of the pending motion, it was procedurally filed untimely and should be denied.

**3. PLAINTIFF'S COMPLAINT SETS FORTH A VALID CLAIM FOR RELIEF UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.**

There are four elements to an FDCPA claim. A Plaintiff must allege "(1) [he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the

defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing* 756 F.3d 299, 303 (3d Cir. 2014). Plaintiff Psaros alleges all four elements as to Defendant Stern Lavinthal. ECF 1 ¶28-29, ¶33-36][1]. The complaint includes exhibits that corroborate Plaintiff's allegations of fact prove conduct in violation of the FDCPA.

Stern Lavinthal's motion papers do not dispute any of the four elements of Plaintiff's FDCPA Claim. The Third Circuit has determined that litigation to enforce a mortgage and/or lien is debt collection. *McLaughlin v. Phelan Hallinan & Schmieg, LLP* 756 F.3d 240 (3d Cir. 2014); *Piper v. Portnoff Law Assocs LTD*, 396 F. 3d 227 (3d Cir. 2005); *Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1998). The Supreme Court and Third Circuit have ruled that law firms engaging in debt collection litigation are debt collectors for the purposes of the FDCPA. *Heintz v. Jenkins* 514 U.S. 291, 299 (1995); *McLaughlin v. Phelan Hallinan & Schmieg, LLP* 756 F.3d 240 (3d Cir. 2014). Stern Lavinthal does not dispute that while acting as a debt collector it sought to recover funds not owed by Plaintiff. Instead, Stern Lavinthal argues that the misrepresentations of fact and use of false information should be exclusively attributed to GreenTree. The argument does not create grounds to dismiss the claim.

---

[1] Stern Lavinthal does not dispute the allegations of Complaint ¶¶28-29, 33-36 in its Answer to the Complaint filed as ECF 11.

**4. THE FDCPA IS A STRICT LIABILITY STATUTE AND STERN LAVINTHAL MADE FALSE OR MISLEADING REPRESENTATIONS IN VIOLATION OF THE FDCPA WHILE PURSUING COLLECTION ACTIVITY.**

Rather than argue that Stern Lavinthal did not make false, deceptive and misleading representations as to the amount owed by Plaintiff on the debt in question, Defendant argues the false, deceptive or misleading representations should be attributed exclusively to its client, loan servicer GreenTree. The argument of Stern Lavinthal summarized in its own words is the following:

> "Essentially, Plaintiff has asserted that, as the attorneys for Green Tree, Stern Lavinthal is implicitly responsible for Green Tree's alleged misconduct in connection with the underlying foreclosure. Put differently, Plaintiff claims that Stern Lavinthal is essentially an insurer for any misstatement, miscalculation, or wrongful act deemed to have violated the FDCPA."
> [ECF 15-2, Plaintiff's Brief p16](internal parentheses omitted)

Stern Lavinthal fails to recognize the manner in which its own conduct fits the framework of the FDCPA. Defendant's intent is irrelevant because "[t]he FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen v. LaSalle Bank* 629 F.3d 364, 368 (3d Cir. 2011); *see also Kaymark v. Bank of Am., N.A.* 783 F.3d 168, 178 (3d Cir. 2015); *Glover v. FDIC.*, 698 F.3d 139, 149 (3d

10

Cir. 2012).   Thus, it is irrelevant if Stern Lavinthal believed all sums of money it sought to collect were owed.

Objectively, Stern Lavinthal made false and/or misleading representations regarding Plaintiff's debt, within the context of its debt collection efforts.   Section 15 U.S.C. 1692e states:

> 15 U.S.C. §1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ......
>   (2) The false representation of –
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> 15 U.S.C. §1692e

The Complaint and record before the Court demonstrate that Defendant violated 15 U.S.C. §1692e by seeking to collect $10,974.37 not owed by plaintiff.

In April 2015, Stern Lavinthal filed an application to set the amount due on the loan and to obtain final judgment in the debt collection foreclosure action. [ECF 1: Complaint Exhibit 11; ECF 15-11; ECF 15-12; ECF 15-13; ECF 15-13]  All documents communicated to Plaintiff and the Court in relation to the final judgment application were made on Stern Lavinthal letterhead. Id.   Stern Lavinthal employee Donna M. Miller, Esq. signed a

11

notice accompanying the motion, advising that the firm was seeking to set the amount due on the loan as $377,287.24. [ECF 1: Complaint Exhibit 45; ECF 15-11] According to the accompanying certification of GreenTree employee Danielle Froelich, the $377,287.24 includes $10,974.37 for "Home Owners Insurance Premiums." [ECF 1: Complaint p49, Exhibit 11; ECF 15-12] The Froelich certification is made on Stern Lavinthal letterhead. Id. Plaintiff at all times maintained insurance on the property and provided proof of same to GreenTree. [ECF 1: Complaint ¶10, 17, 20, 25-26] The Court must assume as fact for the purposes of the motion before the Court, that Stern Lavinthal made a false or misleading representation of fact when it claimed that Plaintiff owed $377,287.24 including $10,974.37 attributed to homeowners insurance.

In *McLaughlin v. Phelan Hallinan & Schmieg, LLP* 756 F.3d 240 (3d Cir. 2014) the Third Circuit Court of Appeals held that the failure to accurately set forth the amount due on a loan constitutes an actionable violation of 15 U.S.C. §1692e(2) and (10). The holding was reiterated more recently in *Kaymark v. Bank of Am., N.A.* 783 F.3d 168 (3d Cir. 2015). Both the *McLaughlin* and *Kaymark* cases involve attempts to collect mortgage debt and obtain a foreclosure judgment.

The exhibits to the Complaint together with those provided in support of Stern Lavinthal's motion, undermine the

12

Defendant's argument that GreenTree bears exclusive liability
for the use of false and misleading representations in
connection with the collection of a debt.  Defendant's employee
Donna M. Miller certified that she took steps to ensure the
accuracy of the amount due on the loan. [ECF 15-4]  Ms. Miller
executed the certification pursuant to New Jersey Court Rule
1:4-8 which requires counsel to conduct an inquiry of facts
alleged by their client and certify "the factual allegations
have evidentiary support…"    N.J.Ct.R.   1:4-8(a)(3).
Additionally, Ms. Miller certified as to steps taken to ensure
the accuracy of the amount due pursuant to N.J.Ct.R. 4:64-2(d).
Stern Lavinthal not only relied upon the false and misleading
representations it presented to the Court, it took time to
verify them as accurate and communicated the misrepresentations
on the law firm's own letterhead.

    a. **Under the Strict Liability Framework of the FDCPA
there is Only One Defense to Liability, and it Has Not
Been Alleged or Established.**

    Stern Lavinthal seeks to distance itself from the
misrepresentation of fact in question by suggesting all
assertions as to the $10,974.37 were made directly by GreenTree.
The argument is not a defense and does not warrant dismissal of
the claim.  There is one defense to liability where a debt

13

collector has engaged in conduct that violates the FDCPA. Section 15 U.S.C. §1692k(c) provides :

> A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

> 15 U.S.C. §1692k(c).

The mere fact that an error is alleged to be unintentional, or caused by reliance on a third party working with the debt collector is insufficient to sustain a defense. *See Russel v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996); *Reichert v. National Credit Systems*, 531 F.3d 1002 (9th Cir. 2008). Similarly, a mistake of law is not a defense under 15 U.S.C. §1692k(c). *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573 (2010).

Stern Lavinthal cannot evade its responsibilities as a debt collector by blaming its client for providing it with factually inaccurate information used in the process of collecting a debt. Instead, Stern Lavinthal has the burden to demonstrate by a preponderance of the evidence that the violation in this case was not intentional *and* resulted from a bona fide error notwithstanding the maintenance of procedures adapted to avoid the error. 15 U.S.C. §1692k. Based upon the record, Stern Lavinthal's only procedure is to assume that it's clients

14

provide accurate accounting and collection records upon which to pursue debt collection activities. A policy based upon assumptions from a third party cannot plausibly satisfy the standard of the bona fide error defense under 15 U.S.C. 1692k.

5. **A DEBTOR HAS NO OBLIGATION TO NOTIFY A DEBT COLLECTOR THAT IT HAS ENGAGED IN CONDUCT VIOLATING THE FDCPA BEFORE THE DEBTOR FILES SUIT FOR RELIEF.**

> For these reasons, a consumer is not required to seek validation of a debt he or she believes is inaccurately described in a debt communication as a prerequisite to filing suit under §1692e.
>
> McLaughlin v. Phelan Hallinan & Schmieg, LLP 756 F.3d 240, 248 (3d Cir. 2015).

Defendant's "Point Three" lacks any support in law, is contrary to the purpose of the Fair Debt Collection Practices Act and directly contradicts recent Third Circuit Court of Appeals case law. A consumer does not waive rights or create a presumption of validity of a debt by failing to object or dispute collection efforts of a collector.

> The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
> 15 U.S.C. §1692g(c).

Directly on point is the holding of the Third Circuit in *McLaughlin v. Phelan Hallinan & Schmieg, LLP* 756 F.3d 240 (3d Cir. 2014) where the Court stated "a consumer is not required to

15

seek validation of a debt he or she believes is inaccurately described in a debt communication as a prerequisite to filing suit under §1692e." Id. at 248.  There is no question that Plaintiff was not obligated to challenge the efforts of Defendant to collect a sum of money not owed before pursuing this litigation.

The FDCPA was enacted by congress in 1977 after noting "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors". 15 U.S.C. §1692(a).  An attempt to collect money not owed is a clear example of an abusive, deceptive and unfair debt collection practice.  *See Kaymark v. Bank of Am., N.A.* 783 F.3d 168 (3d Cir. 2015).  The Third Circuit has repeatedly held that the FDCPA is a remedial statute and "we construe its language broadly, so as to effect its purpose." *Brown v. Card Service Center,* 464 F.3d 450, 453 (3d Cir. 2006)(*citing Hamilton v. Healthcare of La.*, 310 F.3d 385, 392 (5th Cir. 2002; *Jensen v. Presler & Pressler* 791, F.3d 413, 418 (3d Cir. 2015). Ironically, Defendant's proposed requirement that a debtor confront a debt collector before having a ripe FDCPA claim would not have prevented this lawsuit from being filed.  Under Defendant's proposed understanding of the statute, Mr. Psaros would have had to place Stern Lavinthal on notice that it was

16

seeking to collect a sum not owed, *and then* Mr. Psaros would be free to file the within lawsuit.

> a. **State Law Concepts of Waiver are Inapplicable to Plaintiff's Claims.**

Stern Lavinthal suggests that under state law, Plaintiff's claim is waived. Defendant cites to *Knorr v. Smeal*, 178 N.J. 169, 177 (2003) for the proposition that waiver has occurred because there has been a "voluntary and intentional relinquishment of a known right." The argument fails because no known rights have been waived, and state notions of waiver do not preempt application of the Plaintiff's FDCPA rights.

In *Knorr v. Smeal*, New Jersey's Supreme Court explained that "[a]n effective waiver requires a party to have full knowledge of his legal rights and intent to surrender those rights… The party waiving a known right must do so clearly, unequivocally, and decisively." *Knorr v. Smeal* 178 N.J. 169, 177 (2003). There is no basis for imposing the doctrine of waiver here. In April 2015, Stern Lavinthal sent correspondence seeking collection of money not owed by Plaintiff. Two months later in June 2015, Plaintiff filed the within lawsuit. Plaintiff did not sleep on his rights, he diligently retained counsel and took steps to obtain relief as Congress intended.

State law notions of waiver are inapplicable as they are contrary to the purpose and intent of Congress in enacting the

17

FDCPA. New Jersey's Supreme Court has repeatedly acknowledged "[t]he Supremacy Clause of the United States Constitution, Article VI, Clause 2, 'provides that laws made in pursuance of federal constitutional authority become the supreme law of the land.'" *Maisonet v. N.J. Dep't of Human Servs., Div. of Family Dev.*, 140 N.J. 214, 221-2 (1995) *quoting Maher v. New Jersey Transit Rail Operations, Inc.* 125 N.J. 455, 464 (1991). State statutory and common law that interferes with or is contrary to the implementation of federal laws enacted by Congress are invalid. *Maher v. New Jersey Transit Rail Operations, Inc.* 125 N.J. 455, 464 (1991). The FDCPA specifically states that a collector is not entitled to a presumption of accuracy or validity of a debt based upon the failure of a debtor issue a dispute notice. 15 U.S.C. §1692g(c). The principles of preemption must apply in this instance because application of waiver would interfere with application of the Fair Debt Collection Practices Act.

> **b. Estoppel Does Not Apply and Plaintiff Has Not Taken Inconsistent Positions.**

There is no mechanism in law whereby a consumer debtor is deemed to have granted consent to allow a debt collector to use false, misleading and/or deceptive debt collection tactics such as making a demand for a sum of money not actually owed. Nor is a debtor estopped from pursuing their rights under the FDCPA

18

where a collector engages in conduct that violates the FDCPA, and the debtor does not actively object to the collector's objectionable actions prior to the filing of suit. These concepts are embedded in the FDCPA. 15 U.S.C. §1692g(c).

As explained by Stern Lavinthal, judicial estoppel "is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). Application of judicial estoppel should not be applied due to preemption doctrine discussed in section 5a of this brief. Furthermore, as a practical matter there cannot be application of judicial estoppel where the party in question did not previously take a contradictory position.

Mr. Psaros has always maintained a consistent position. Mr. Psaros owes a debt and defaulted on a debt. The question is not whether there is a valid debt Stern Lavinthal sought to collect. The allegation is that in addition to seeking to collect a valid debt, Stern Lavinthal sought to obtain an extraneous sum of money not owed by Plaintiff. Plaintiff's alleged inaction to challenge all collection activity does not create estoppel as to those action made by Stern Lavinthal in violation of the FDCPA.

## <u>CONCLUSION</u>

For the reasons stated within this brief, Defendant's motion for judgment on the pleadings should be denied in its entirety.

Dated: November 23, 2015                    _/s/ Adam Deutsch_

Adam Deutsch, Esq.